IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

HAROLD DAVIS,

        Plaintiff,

v.                                                                                           No. CIV 10-231 BB/CG

CITY OF CARLSBAD POLICE DEPARTMENT, OFFICER JAMES L. BOUTELLE, OFFICER J.J. RODRIGUEZ,

        Defendants.

MEMORANDUM OPINION
IN SUPPORT OF ORDER DISMISSING COMPLAINT

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint [doc. 11]. Plaintiff having filed no response to the Motion, and the Court having applied the law to the facts presented, finds the Motion should be Granted.

*Discussion*

Under the Local Rules of Civil Procedure, "[t]he failure of a party to file and serve a response in opposition of a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ 7.1(b). Plaintiff failed to respond to Defendants' Motion within the fourteen days allotted, D.N.M.LR-Civ 7.4(a) and thus Plaintiff concedes he has no response.

**Plaintiff also appears to have no substantive defense to the statute of limitations. The allegations of the complaint arise out of an incident occurring on September 6, 2006. If the complaint is intended to allege an action under 28 U.S.C. § 1983, it is barred by the three-year statute of limitations.** *Garcia v. Wilson*, **731 F.2d 640, 649-51 (10th Cir. 1984);** *Walker v. Maruffi*, **737 P.2d 544, 549-51 (N.M. App. 1987). If the complaint is intended to state a claim under New Mexico tort law, the two-year Tort Claims Act limitation it appears would protect Defendants.** *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, **916 P.2d 1313, 1315 (N.M. 1996).**

## CONCLUSION

**For the above stated reasons, Defendants' Motion to Dismiss Plaintiff's Complaint will be GRANTED.**

_____
**BRUCE D. BLACK**
**Chief Judge**