## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

HAROLD DAVIS,

      Plaintiff,

vs.                                 NO. CIV 10-231 BB/CG

CITY OF CARLSBAD POLICE
DEPARTMENT, OFFICER JAMES L.
BOUTELLE, AND OFFCIER J. J. RODRIGUEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL

THIS MATTER comes before the Court on Plaintiff's Motion to Reconsider Order Dismissing Complaint, filed November 5, 2010 (Doc. 34) ("Motion").  For the reasons set forth herein, the Motion will be denied.

**I.**    **Background**

The civil rights claims in this case were previously before the Court in the related case of 09-CV-00846 JEC/RHS ("prior case").  The prior case, filed on September 1, 2009, was statistically closed without prejudice on January 13, 2010 pursuant to D.N.M.LR-Civ 41.1 (Dismissal for Want of Prosecution).  Plaintiff raised no objection to the dismissal.  On March 15, 2010 Plaintiff filed the present case, asserting the same civil rights violations that were dismissed without prejudice in the prior case.  The allegations in both complaints arise out of an incident that occurred on September 6, 2006.

On October 25, 2010 the Court entered its Order dismissing the present case pursuant to

Rule 12(b)(6), upon motion by Defendants asserting a statute of limitations defense.  *See* Order

of Dismissal and Memorandum in Support (Docs. 31, 32).  The dismissal was based upon

Plaintiff's failure to file a timely response to the motion and the Court's determination that

Plaintiff appeared to have no substantive opposition to the statute of limitation defense.  *See*

Doc. 31.

Following dismissal, Plaintiff filed the present Motion to Reconsider, calling the Court's

attention to the previous, related case.  In the instant Motion, Plaintiff requests reconsideration of

the dismissal, stating that his claims should not be barred by the statute of limitations because

the present complaint should "relate back" to the previous complaint, which was filed within the

time permitted "by the applicable statute of limitations."  Motion at 2.  Defendants did not

respond.

## II.   <u>Legal Standard</u>

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider."  *Van

Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).   Where, as here, a motion

requests reconsideration of a final decision upon which final judgment has been entered, it will

typically arise in one of two ways: (1) under Fed. R. Civ. P. 59 as a motion for a new trial or to

alter or amend the judgment, if filed before or within 28 days following entry of the judgment; or

(2) under Fed. R. Civ. P. 60 as a motion for relief from judgment, if filed subsequent to the 28

day period.  *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).  Here, the Motion to

Reconsider was filed within "28 days after the entry of the judgment" as required by Fed. R. Civ.

P. 59(e).  Accordingly, the Court will construe the Motion as a Rule 59(e) motion to alter or

amend judgment.  *See Van Skiver*, 952 F.2d at 1243 (motion to reconsider filed within Rule

59(e) time limit should be construed as a Rule 59(e) motion).

2

A Rule 59(e) motion should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

## III.   Discussion

Plaintiff offers no authority in support of his assertion that the complaint in this matter should "relate back" to the complaint in the prior case.  Pursuant to D.N.M.LR-Civ. 7.3(a), a motion must cite authority in support of its legal position.

Moreover, contrary to Plaintiff's contention, it is settled that "a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim." *Benge v. United States,* 17 F.3d 1286, 1288 (10th Cir. 1994).  The Court notes that Plaintiff has not asserted that the New Mexico statute of limitations "saving statute" might operate to save his claims, and it seems the statute would not apply because it offers no relief where the prior case was dismissed for want of prosecution.  N.M. Stat. Ann. § 37-1-14 ("[i]f, after the commencement of an action, the plaintiff fail therein for any cause except negligence in its prosecution...."); *Benally v. Pigman*, 78 N.M. 189, 429 P.2d 648, 652 (1967) (where there was negligence in prosecution of first case, second complaint was not continuation of first and was barred by statute of limitations.).

The Court further notes that in a narrow range of situations, a federal statute of limitations may be equitably tolled.  *See Irwin v. Veterans Admin.*, 498 U.S. 89 (1990). However, Plaintiff does not argue for application of that doctrine in this case and given the timing of the filings in these two cases, equitable tolling would not save Plaintiffs claims. *Benge,* 17 F.3d at 1288.  Here, as in *Benge*, Plaintiff filed the prior complaint only a few days

3

before the statute of limitation would have run.  "Equitable tolling" suspends the statute of

limitations in qualifying cases, but does not start the time anew.  *Id.*  Because Plaintiff filed the

present case approximately two months after the dismissal of the prior case, the few days he

might gain if tolling applied would prove of no assistance.

**IV.**   **Conclusion**

In summary, the Court finds no intervening change in controlling law, new evidence

previously unavailable, or need to correct clear error or prevent manifest injustice.  The claims in

this case are time-barred.  Accordingly, the Court's prior Order (Doc. 32) dismissing this case

pursuant to Rule 12(b)(6) will stand.

WHEREFORE,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider Order Dismissing Complaint,

filed November 5, 2010 (Doc. 34) is **DENIED.**

Dated December 22, 2010.

Bruce D. Black
Chief United States District Judge

4